## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

APR 1 0 2026

GARY P. SERDAR
CLERK OF COURT
BY_____
DEPUTY CLERK

MICHAEL HARDIN,                          )
                                         )
                                         )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Case No. _____
                                         )
                                         )        **COMPLAINT**
UNITED STATES OF AMERICA,                )
                                         )
        Serve:                           )        Case: 1:26-cv-00050
        Todd Blanche, Acting U.S.        )        Assigned To : Bennett, Jared C.
        Attorney General                 )        Assign. Date : 4/10/2026
        950 Pennsylvania Ave.,           )        Description: Hardin v. United States of
        Washington, DC 20530-001         )        America
                                         )
                                         )
        Defendant.                       )

## COMPLAINT

COMES NOW Micael Hardin, by and through his undersigned counsel, and brings this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. 136(b), 2671-2680, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case by operation of 28 U.S.C 1331, 1346(b). and 2675(a).

2. Venue is proper in this district under 28 U.S.C. 1402(b) in that the Plaintiff resides in this judicial district, and the injuries complained of occurred, in part, in this judicial district.

1

3. Plaintiff timely filed his administrative claims with all the Federal Agencies complained of (by Standard Form 95 or its functional equivalent), and more than six months have passed without a final disposition, satisfying 28 U.S.C. 2675(a).

## PARTIES

4. Plaintiff Michael Hardin is an adult individual who was a resident of Utah and who was present in Washington, DC, on January 6, 2021 to exercise his constitutional right to free speech and assembly.

5. On that date, Plaintiff walked up the steps on the west side of the U.S. Capitol, entered the Capitol building through open doors, was waved in by uniformed United States Capitol Police officers, walked peacefully through various public areas of the Capitol building, and, after 23 minutes, left the Capitol building.

6. During his 23 minutes inside the Capitol building, Plaintiff did not take anything, break or deface anything, nor did he engage in any verbal or physical altercation with anyone else, be they other protesters or law enforcement officers.

7. Plaintiff then returned to his home in Utah, without any belief, understanding or knowledge that he had committed any wrongful, let alone illegal, behavior.

8. On April 2, 2021, at the crack of dawn, the FBI, acting within the course and scope of their employment and under the authority of the United States of America, descended upon Plaintiff's home, demanded entrance into Plaintiff's home, placed Plaintiff in physical restraints, and arrested him.

9. Despite repeated requests, Plaintiff was never shown an arrest warrant or provided any other basis for his arrest and detention.

10. Plaintiff was transported to the Davis County detention facility and detained there against his will for nine hours..

11. After Plaintiff was removed from his home, the FBI, including officer Jen Faumuina,       engaged in a warrantless search of Plaintiff's domicile for a duration of six hours and seizing Plaintiff's property, damaging Plaintiff's home and restraining the movement of Plaintiff's spouse and child against their will.

12. Plaintiff was subsequently charged with crimes he did not commit, was, along with his family, placed on the "Terrorist Watch List", was, along with his entire family,  placed on the "Quad S" list by the TSA, rendering travel excruciatingly difficult and emotionally traumatic. Further,  he was coerced into pleading guilty to a crime he did not commit and was sentenced to 18 months of probation.

13. His arrest and prosecution caused, and continues to cause, financial hardship, strain on or ending of interpersonal relationships, de-platforming from social media, public ridicule and severe emotional distress.

14. The United States of America is a proper Defendant herein, because prior to, during, and after, the United States of America, by and through its employees, agents, elected and appointed officials, including but not limited to Nancy Pelosi, Christopher Wren, Merrick Garland and others in the administration of President Joe Biden, conspired to create crisis on January 6, 2021, and then persecute the actors caught in their trap.

15. That, upon information and belief, the FBI, United States Marshals Service and the United States Department of Justice were ordered and/or encouraged to treat the January 6, 2021 protesters, including Plaintiff, more harshly, in the manner of their arrest, in the manner of their prosecution, in the manner of their sentencing, and in the generation of negative press and public

3

opinion, than any other similarly situated alleged criminal defendants in the history of the United States.

16. That such orders, instructions or encouragement were specifically designed by the above-named agencies and individuals to intimidate and chill the exercise of the peoples' right to peaceably assemble and protest, and to destroy the lives of those who actually engaged in protests on January 6, 2021 beyond any reasonable or justifiable response to the actual behavior thereof.

17. The above-described behavior constituted a civil conspiracy with the intent to cause the continuing false imprisonment of the Plaintiff and the damages which were the natural, and intended, sequelae thereof.

## COUNT I
## FALSE IMPRISONMENT

COMES NOW Plaintiff and for Count I of his Complaint would state as follows:

18. Plaintiff repeats and re-alleges Paragraphs 1-17 above and incorporates them herein by reference for all purposes.

19. At the time of his arrest, Plaintiff was unlawfully restrained, confined and detained against his will by members of the Federal Bureau of Investigation ("the FBI"), including but not limited to nine hours without warrant. At the time of his false imprisonment, Plaintiff had committed no crime, did not pose a threat to himself or others, was not engaged in the commission of any felony or misdemeanor, nor was there any risk of his fleeing or evading arrest.

4

20. There was no justification for his warrantless arrest, detention and restraint, nor was there any justification for the warrantless search of his domicile, or the unlawful restraint and confinement of his family.

21. The false imprisonment of the Plaintiff was the physical manifestation of and first act in furtherance of the conspiracy described above between Nancy Pelosi, Merrick Garland and Christopher Wray to damage the Plaintiff.

22. As a direct and proximate result of the Plaintiff's false imprisonment, an intended chain of events unfolded to the damage of the Plaintiff, including, but not limited to:

a) The bringing of false charges against the Plaintiff for crimes he did not commit,

b) The coercion of Plaintiff's plea of guilty to a crime he did not commit by and through threatening Plaintiff with false felony charges if he did not plead to a misdemeanor,

c) The sentencing of Plaintiff to 18 months of supervised release, which further restrained the Plaintiff and subjected him to forced drug testing and coerced bodily substance collections,

d) The imposition of "Domestic Terrorist" status on the Plaintiff, **and his family**, (who were not present in Washington, D.C. on January 6, 2021) subjecting them to repeated detention, restraint and confinement at the hand of the Transportation Safety Administration,

e) By subjection of Plaintiff to public ridicule, hate, physical including death threats, ostracism, resulting in the loss of Plaintiff's highly regarded reputation, causing the loss of earnings and earning capacity in excess of $120,000.00 per year for the remainder of his work life expectancy,

f) The destruction of his interpersonal relationships, causing his divorce, estrangement from his daughter, and social isolation,

g) The subjection of Plaintiff to severe and permanent emotional distress and physical pain and suffering and mental anguish which involved inpatient treatment,

h) The necessity of expending in excess of $55,500.00 in attorney fees and costs for his defense of the charges wrongfully brought against him, and

i) the subjection of Plaintiff to a 30 day home confinement, 60 days of community service, random drug testing, home searches, and the surrender of firearms and passport.

## COUNT II
## CIVIL CONSPIRACY

COMES NOW Plaintiff and for Count II of his Complaint would state as follows:

23. Plaintiff repeats and re-alleges the material allegations of Paragraphs 1-22 above and incorporates them herein by reference for all purposes.

24. That, upon information and belief, Nancy Pelosi, as Speaker of the House of Representatives, Merrick Garland as the Attorney General of the United States and Christopher Wray as the Director of the FBI, in concert with one another and after a meeting of their minds, undertook a program to destroy the lives of the participants in the January 6, 2021 Capitol protests, including the that of Plaintiff.

25. That the above-described conspirators engaged in the unlawful act, in furtherance of the object of their conspiracy, of instructing the employees of their respective agencies to treat the January 6 participants more harshly in the manner of their arrest, the manner and extent of their charges, the imposition of sentences, and in the manner of their incarceration and supervision, including the Plaintiff, than any other similarly situated alleged criminal defendant.

26. For example, the FBI had not previously investigated or arrested individuals charged with simple trespass misdemeanors yet routinely did so in the case of January 6, 2021 protesters, including the use of large numbers of combat geared officers, with multiple vehicles, helicopters and assault vehicles.

27.   That the TSA had not placed individuals on the terrorist watch list who were only charged with misdemeanors amounting to no more than trespass, but routinely did so for January 6, 2021 participants, including the Plaintiff.

28.   That the above-described conspirators, personally and through the employees of their various agencies, in order to maximize the damages suffered by the January 6 participants, routinely referred to them as "insurrectionists", "terrorists", "seditionists", and "traitors" with the intent to foment public condemnation, hatred and contempt for such individuals.

29.   That the above-described conspirators, and/or the employees of their various agencies, with the intent to inflict the greatest amount of harm upon the January 6, 2021 participants, sought to impose unprecedented burdens upon the January 6, 2021 participants, including the Plaintiff, including requiring repeated drug and alcohol testing, and repeated searches of their domiciles. These unprecedented persecutions continued long after the conspirators knew or should have known that the vast majority of the January 6, 2021 participants, including the Plaintiff, had no plan to do more than peacefully protest, that they came to the Capitol unarmed, unorganized, leaderless and with no intent to overthrow the government or obstruct any governmental function.

30.   That the above- described conspirators engaged in an ongoing campaign of maximum destruction of the Plaintiff's life, livelihood, welfare, freedom of movement, and to crush his spirit and quash his dissent from the moment that the FBI appeared at his door on April 2, 2021 until he was released from his probation on April 19, 2023.

31.   That as a direct and proximate result of the above-described wrongful acts of the United States of America, the Plaintiff has suffered damages as hereinabove described.

## PRAYER FOR RELIEF

WHEREFORE, for the forgoing reasons, Plaintiff Michael Hardin respectfully prays for judgment in his favor and against the United States of America in the sum of $6,100,000.00 together with attorney fees, costs of court, and such other and further relief that this Court finds just and proper.

Respectfully submitted,

_____  4-10-26
Michael Hardin, *pro se*
174 Dawson Street
Layton, UT 84041
801-390-3611
Mikehardin55@gmail.com

8